# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KITSCH LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHENGDUHECHUANGJIETONG-<br>DIANZISHANGWUYOUXIANGONGSI<br>d/b/a LEAFINITY<br><br>　　　　　Defendant. | Case No. 24-cv-09663<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Kitsch LLC ("Plaintiff") hereby brings this design patent infringement action against Defendant chengduhechuangjietongdianzishangwuyouxiangongsi d/b/a LEAFINITY ("Defendant"), and in support of the same alleges as follows:

## NATURE OF THE ACTION

2. This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

## THE PARTIES

3. Plaintiff is a limited liability company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

1. Plaintiff is the exclusive licensee of, and has the right to sue for infringement of, U.S. Design Patent No. D926,471 (the "'471 Patent"). A true and correct copy of the '471 Patent is attached hereto as Exhibit 1.

2. Upon information and belief, Defendant is a Chinese entity with a principal place of business at No. 2, Floor 1, Unit 4, Building 1, No. 199, Lower East Street Section, Dongda Street Chengdu, Jinjiang District, Sichuan, China, 610000.

1

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

4. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Amazon.com storefront at [https://www.amazon.com/stores/LEAFINTY/page/E9B45674-04ED-44AB-8827-1C0DF370EC6C?ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto](https://www.amazon.com/stores/LEAFINTY/page/E9B45674-04ED-44AB-8827-1C0DF370EC6C?ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto) (the "Storefront").

5. Specifically, Defendant is reaching out to do business with Illinois residents by operating the Storefront through which Illinois residents can purchase Infringing Products.

6. Defendant has targeted sales from Illinois residents by operating an online store, including the Storefront, that offers shipping to the United States, including Illinois, and accept payment in U.S. dollars.

7. On information and belief, Defendant has sold Infringing Products to residents of Illinois via the Storefront.

8. Defendant is therefore committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

9. The Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as, on information and belief, Defendant is a Chinese entity.

# BACKGROUND

11. Plaintiff sells a number of products on Amazon.com, including soap bags that practices the '471 Patent. Plaintiff's '471 Patent-practicing soap bag can be seen at, for example, the following URL: https://www.amazon.com/Kitsch-Bar-Soap-Saver-Bag/dp/B08PCJ485M/:



12. On information and belief, Defendant's corporate name is chengduhechuangjietongdianzishangwuyouxiangongsi. However, on information and belief, Defendant does business on https://www.amazon.com as "Leafinity."

13. For example, Defendant operates an Amazon.com storefront as Leafinity at the following URL: https://www.amazon.com/stores/LEAFINTY/page/E9B45674-04ED-44AB-8827-1C0DF370EC6C?ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto.



14. Defendant intends that its Leafinity-branded store appears to be selling genuine products. However, unbeknownst to consumers, Leafinity's Amazon.com storefront is, in fact, selling products that infringe Plaintiff's patents. Plaintiff is thus forced to file this action to combat Defendant's infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing products that infringe Plaintiff's patents, including the '471 Patent, on Amazon.com.

15. Defendant sells an infringing soap bag on Amazon.com. For example, Defendant sells a soap bag on Amazon.com at the following URL:

https://www.amazon.com/Leafinty-Shampoo-Conditioner-Blondes-Bleached/dp/B0BYSS6VKB:



16. On information and belief, Defendant sells infringing products at the following URLs and having the Amazon Seller Identification Numbers ("ASINs") shown in the following table. Collectively, the products sold at the following URLs and/or having the following ASINs are referred to as the "Infringing Products."

| Amazon.com URL | ASIN |
| --- | --- |
| amazon.com/dp/B0CM3J32LD | B0CM3J32LD |
| amazon.com/dp/B0BYSS238G | B0BYSS238G |
| amazon.com/dp/B0BYSSV66F | B0BYSSV66F |
| amazon.com/dp/B0BYSS6VKB | B0BYSS6VKB |
| amazon.com/dp/B0BYZJYXXK | B0BYZJYXXK |
| amazon.com/dp/B0BYSQNF5B | B0BYSQNF5B |

17. Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the '471 Patent.

18. Defendant, without any authorization or license from Plaintiff, have offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the '471 Patent, and continue to do so via the Storefront and at the URLs referenced in the table above.

19. Defendant's infringement of the '471 Patent, including the offering for sale and sale of the Infringing Products in Illinois, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF THE '471 PATENT**

20. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if set forth fully herein.

21. Defendant offers for sale, sells, and/or imports into the United States for subsequent sale or use the Infringing Products.

22. The Infringing Products infringe the ornamental design claimed in the '471 Patent, as shown below:



| '471 Patent | Infringing Products |
| --- | --- |
| Fig. 2 | Image from https://www.amazon.com/dp/B0BYSQNF5B, shown in "engaged" position |

23. To an ordinary observer, the Infringing Products are substantially the same as the design patented in the '471 Patent

24. Defendant has infringed the '471 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

25. Defendant's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26. Unless a temporary restraining order, preliminary injunction, and permanent injunction are issued enjoining Defendant and all others acting on in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

27. Plaintiff complies with 35 U.S.C. § 287 at least by virtually marking its products with its patents, including the '471 Patent, at the website https://www.mykitsch.com/pages/patents.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by

Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the '471 Patent;

  b.  aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '471 Patent; and

  c.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

2)  That the Court enter an Order that, upon Plaintiff's request, those in privity and/or in active concert with Defendant, and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

  a.  disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the '471 Patent;

  b.  disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the '471 Patent; and

  c.  take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index;

3)  That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the '471 Patent, including and not

limited to all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's infringement of the '471 Patent;

  4) That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

  5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

  6) Any and all other relief that this Court deems just and proper.

           By: /s/ *Benjamin E. Weed*
              Counsel for Plaintiff Kitsch, LLC

              Benjamin E. Weed
              BEW LLC
              5336 Lyman Ave.
              Downers Grove, IL 60515
              ben@bewlawyer.com
              (847) 456-1430

              Dated: October 7, 2024